# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 THOMAS J. WATFORD**
**United States Army, Appellant**

ARMY 20150549

Headquarters, Fort Stewart
John T. Rothwell and John S. T. Irgens, Military Judges
Colonel Peter R. Hayden, Staff Judge Advocate (pretrial)
Major Mark D. Nee, Acting Staff Judge Advocate (recommendation)
Lieutenant Colonel Brian J. Chapuran, Staff Judge Advocate (addendum)

For Appellant:  Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA (on brief and brief in response to specified issue); Major Christopher Coleman, JA; Captain Patrick J. Scudieri, JA (on reply to brief in response to specified issue).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA;  Major Michael E. Korte, JA (on brief and brief in response to specified issue).

30 January 2017

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

PENLAND, Judge:

Adhering to well-established notice pleading requirements, we affirm, *inter alia*, appellant's conviction for enticing a minor to transmit visual depictions of herself engaged in sexually explicit conduct, in violation of Title 18, United States Code, § 2551(a) (Sexual Expoitation of Children), though the government unintentionally alleged this misconduct violated § 2551A (Selling or Buying of Children) of the same title.

A military judge sitting as a general court martial convicted appellant, pursuant to his pleas, of one specification of receiving child pornography and one

specification of sexual exploitation of a minor,[1] in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for twelve months, total forfeitures, and reduction to the grade of E-1. In accordance with the military judge's decision regarding Article 13, UCMJ, punishment in the case, the convening authority credited appellant with thirty days against the sentence to confinement.

We review this case under Article 66, UCMJ. Appellant assigns one error, unreasonable multiplication of charges, which merits neither discussion nor relief. *See United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009). We have considered appellant's submissions pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); beyond his complaint regarding the incorrect codal reference, they merit neither discussion nor relief.

In his initial brief, appellate defense counsel wrote in a footnote:

> The government charged PV2 Watford with enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual image, in violation of 18 U.S.C. § 2251A, however, that statute prohibits the selling or buying of children for sexual exploitation. The statute that should have been charged is 18 U.S.C. § 2251(a).

This footnote was correct, but the specification's error prompted us to specify an issue:

> WHETHER SPECIFICATION 2 OF THE CHARGE FAILS TO STATE AN OFFENSE, WHERE 18 U.S.C. § 2251A (SELLING OR BUYING OF CHILDREN) DOES NOT CRIMINALIZE THE CHARGED MISCONDUCT.[2]

---

[1] This specification was tried as a clause three offense under Article 134, UCMJ; however, it incorrectly cited 18 U.S.C. § 2551A as the relevant federal criminal statute.

[2] Specification 2 of The Charge alleged appellant did "entice or persuade Ms. [MD], a minor, to engage in sexually explicit conduct with the intent that such minor engage in sexually explicit conduct for the purpose of producing visual depiction of such conduct, to wit: two digital photographs in violation of 18 U.S.C. Section 2251 A."

To summarize the parties' responses, on one hand, appellant now contends the specification's incorrect statutory citation renders it fatally defective; on the other hand, the government characterizes the issue as a "scrivener's error" and emphasizes appellant and his counsel clearly understood he was pleading guilty to, *inter alia*, violating 18 U.S.C. § 2251(a) and, thereby, Article 134, UCMJ.

In resolving this problem, we need not craft a new "scrivener's error" exception to the fundamental requirement that the government's charging instrument must state an offense. We are, however, persuaded by the government's reliance on *United States v. Sell*, 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953):

> The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

Given this fundmental principle, we resolve the specified issue against appellant. While it cited the incorrect statute, the disputed specification alleged, expressly or by necessary implication, each element necessary to state an offense under 18 U.S.C. § 2251(a). At arraignment, government counsel described the specification as "enticing or persuading a minor to engage in sexually explicit conduct, in violation of 18 United States Code, Section 2251(a)."[3] The stipulation of fact associated with the pretrial agreement listed the elements applicable to 18 U.S.C. § 2251(a). The inquiry pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969), focused on the correct elements as well. Notwithstanding the specification's inexactitude, the record contains no reason to doubt either the government's intent to charge appellant under 18 U.S.C. § 2251(a) or appellant's knowing, voluntary, and intelligent guilty plea thereto.

As to Specification 2 of The Charge, we AFFIRM so much of the finding of guilty as provides appellant:

> Did, at or near Fort Stewart, Georgia, on or about 20 February 2014, entice or persuade Ms. [MD], a minor, to

---

[3] The parties' and military judges' post-trial errata took no exception to this statutory citation.

engage in sexually explicit conduct with the intent that such minor engage in sexually explicit conduct for the purpose of producing visual depiction of such conduct, to wit: two digital photographs in violation of 18 U.S.C. § 2251(a).

The remaining findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court